## Scholl v. Scholl

*W. H. Caldwell*, for plaintiff.

*N. R. Dutton*, for defendant.

REIMEL, J., May 4, 1954.—Plaintiff instituted an action in divorce against defendent in Philadelphia

County on November 10, 1953. Defendant is a resident of Delaware County and deputized service under rule 1124(a)(1) was made on her on November 17, 1953. On December 7, 1953, an appearance de bene esse was entered on behalf of defendant for the purpose of raising a question of jurisdiction. On December 14, 1953, defendant filed a preliminary objection in the form of a petition to dismiss the complaint for want of jurisdiction, on the ground that plaintiff was not at the time of the commencement of this action, and is not at the present time, a resident of Philadelphia County.

The legal question herein to be considered is whether a question of improper venue in a divorce action may be raised by a preliminary objection.

Rule 1125(b) of the Rules of Civil Procedure, which deals with the pleadings allowed in a divorce action, provides:

"Preliminary objections are available to any party and are limited to (1) a petition raising a question of jurisdiction; . . ." and Pa. R. C. P. 1122 provides that "The action (in divorce) may be brought in and only in the County in which the plaintiff or the defendant resides."

In Weber v. Weber, 80 D. & C. 12 (C. P., Dauphin Co., 1951), it was held that the objection that neither plaintiff nor defendant in a divorce action is a bona fide resident of the county in which the action is instituted raises a question of "jurisdiction" within the meaning of rule 1125. The court, citing Anderson's Pennsylvania Civil Practice, refused to follow Muldoon v. Muldoon, 69 D. & C. 413 (C. P., Montgomery Co., 1949), where it was held that such an objection raises a question of "venue", and that "venue" is not included within the word "jurisdiction", as used in rule 1125.

In commenting on this case Anderson observes (vol. II, page 312) that "If the interpretation in the Muldoon case is followed, there is no procedural means of objecting to the venue". Moreover, Goodrich-Amram, sec. 1125(b)(1) (1953 Release) is in complete accord with the Weber case and Anderson.

The following extract from the Weber case (page 14) is precisely in point:

"We think that jurisdiction, as contemplated by the Supreme Court in the Rules of Civil Procedure, was not used in the narrow sense, but broadly to cover the matter of venue in a particular county court. Although the courts of common pleas have jurisdiction generally in divorce, no certain county court has jurisdiction unless either plaintiff or defendant resides therein."

In view of the Weber case and of the statements of Anderson and Amram, we must hold and do so find, that the question of venue in a divorce action is properly raised by way of a preliminary objection to the jurisdiction of the court.

However, in the instant case, the complaint, which is complete and regular on its face, avers that plaintiff is a resident of Philadelphia County; and since no evidence of any kind has been introduced to attack the averment in the complaint, the preliminary objection must be dismissed.

A petition to show cause why reargument of defendant's preliminary objections should not be granted, was filed on February 11, 1954, and after a hearing on the petition for reargument the rule was discharged.

## Order

And now, to wit, May 4, 1954, upon consideration of the foregoing petition for reargument the rule is discharged and the preliminary objection to the complaint is dismissed.